IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH MILO LITTLEBRAVE, | ) | |
| ID # 1665229, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:14-CV-0293-N (BH) |
| | ) | |
| WILLIAM STEPHENS, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the habeas petition should be **DENIED**.

**I.  BACKGROUND**

Kenneth Milo Littlebrave (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID (Respondent).

**A.     Procedural History**

Petitioner challenges his custody pursuant to a judgment and sentence in cause no. 34569CR from the 40th District Court of Ellis County, Texas. (Clerk's Record "CR" 2, 79-80.)  He was charged with burglary of a habitation with intent to commit a felony, i.e., indecency with a child, for which he was also charged separately. (CR 2.)  On July 19, 2010, a jury found Petitioner guilty as charged, and it assessed punishment at life imprisonment on the burglary charge the following day. (CR 72, 78.)  As a result of a motion for new trial, the trial court vacated the separate conviction

for indecency with a child.  9 Reporter's Record "RR" at 4-8. Petitioner appealed the burglary

conviction, and the Court of Appeals for the Eleventh District of Texas affirmed in an unpublished

opinion. *Littlebrave v. State*, No. 11-10-00302-CR, slip op. (Tex. App.—Eastland 2012).  The Texas

Court of Criminal Appeals refused his petition for discretionary review (PDR) on January 9, 2013.

*Littlebrave v. State*, P.D.R. 1407-12.

Petitioner filed an application for state writ of habeas corpus challenging this conviction on

or about August 19, 2013. *Ex parte Littlebrave*, WR-80,334-01,  at 121-133.  The Court of Criminal

Appeals denied the application without a written order on November 13, 2013. *See Ex parte

Littlebrave*, WR-80,334-01, at cover (Tex. Crim. App. Nov. 13, 2013).

Petitioner mailed his federal habeas petition under § 2254  on or about November 27, 2013.

(doc. 1, at 14).  Respondent filed an answer and provided the state court records. (docs. 17-21).

Petitioner then filed a reply (doc. 22).

**B.**     **Factual Background**

At the trial on the burglary of a habitation charge in July 2010, Margo Valdez testified that

she lived in Waxahachie with her three minor grandchildren (M, A, and B) and her husband Luis.

5 RR 9-10, 14-16.  In the early morning hours on November 10, 2009, A and B came into her room,

screaming that a man was in the house. 5 RR 16-17. Valdez went to investigate and saw the kitchen

window open and the screen torn. 5 RR 18-19. The front door was also open.  5 RR 20.  B told her

that a man had touched her.  5 RR 20.  Upon examination, B appeared to have been touched on her

genitals but not penetrated. 5 RR 30.

A testified that she was 15 years old and going into the ninth grade. 5 RR 33. On the morning

of the offense, a man broke into the house and took her little sister out of their bedroom. 5 RR 35.

A heard B screaming. 5 RR 35. By the time she got to her grandparents' room, A saw B coming down the hall pulling up her pants. 5 RR 36-38.

Waxahachie Police Department Officer Richard Powell testified that he was dispatched to the offense site at 4:32 a.m. 5 RR 41. The officer observed signs of a break in at the residence. 5 RR 42, 44-45. He was advised that one of the children had been molested. 5 RR 42. The officer talked to the girl, and she made an outcry of sexual abuse. 5 RR 43. It was determined that the child had been fondled but not penetrated. 5 RR 43. The child described her attacker as wearing a bandana over his face and a hooded sweatshirt. 5 RR 46-47.

B testified that she was ten years old. 5 RR 68. On the morning of the offense, B awoke to find a man pulling down her pants. 5 RR 73. The man was wearing black clothes with a bandana over his face. 5 RR 74. The man took B into the living room. 5 RR 74. The man pulled down B's pants and panties, covered her mouth, and touched her genitals. 5 RR 74-77. When A called her name, B screamed, and the man fled through the front door. 5 RR 77.

Waxahachie Police Department Officer Marcus Brown testified that he came into contact with the man later identified as Petitioner while on patrol the next night, November 11, 2009. 5 RR 57-59. After observing Petitioner walking towards his police cruiser, the officer ordered him to stop because he fit the description of a burglar/prowler. 5 RR 58-60. From the items found on Petitioner, the officer believed that he had found a burglar. 5 RR 61-62. In particular, the bandana found on Petitioner was tied in such a way to conceal a person's face. 5 RR 64. Petitioner was arrested on an outstanding warrant. 5 RR 62.

Waxahachie Police Department Lieutenant Todd Woodruff testified that he interviewed Petitioner on November 11, 2009, in the early morning hours. 5 RR 81. He was a detective with the

Waxahachie Police Department and was serving in that capacity when he interviewed Petitioner. 5

RR 80.   The trial court held a pretrial hearing concerning a motion to suppress Petitioner's

statement.[1] 3 RR 8.  The detective was allowed to testify at trial that he advised Petitioner of his

rights, and that Petitioner gave a statement implicating himself in the burglary and contact with B.[2]

5 RR 83-94.

    After both sides rested, the trial court charged the jury with burglary of a habitation with

intent to commit indecency with a child as the underlying felony, and with indecency with a child

as a separate offense. 5 RR 99-103. The jury found Petitioner guilty of both offenses. 5 RR 119.

Petitioner moved for a new trial, and the trial court vacated the indecency with a child conviction

on double jeopardy grounds. 9 RR 7-8.

## C.   **Substantive Issues**

    Petitioner raises four grounds for relief:

---

[1]At the hearing, the detective testified that he advised Petitioner of his rights, and  he agreed to waive
them prior to giving his statement. 3 RR 9-11. After giving his statement, Petitioner read and initiated each
page of the statement. 3 RR 11-12.  Petitioner was interviewed around 1:45 a.m., after having been in custody
thirty minutes to one hour. 3 RR 13.  The interview lasted between an hour and an hour and a half. 3 RR 14.
Petitioner was cooperative and courteous. 3 RR 14.  He could read and write and possessed a high school
education. 3 RR 17. Except for chanting some Sioux war songs at one point, Petitioner's responses were
logical and appropriate. 3 RR 17-18. He also attempted to minimize his conduct. 3 RR 19. The trial court
overruled the motion to suppress Petitioner's written statement. 3 RR 31.

[2]In relevant part, it stated:

    Last night I went into a house on a corner along the road the runs behind the Brown's Motel, where
I live. I stay in room #12.  I saw a front window was open and the kitchen light was on inside. I cut the screen
with my screwdriver and I went in the window.  I looked around the house and found two girls in a bed.  One
was older than the other.  I picked up the smallest girl. I carried her into the living room.  I was going to ask
her where they kept the money in the house.  The thought came to kiss her but I let that thought go.  I know
that is wrong. I don't want to be called a pedophile.  She looked to me to be about six years old.  I accidently
touched her between her legs when I set her down in the living room.  I wasn't meaning to.  She screamed
and I ran out the front door. I had unlocked the front door before I started looking around the house so I could
get out fast if I needed to. I am sorry if I touched her between my legs; I wasn't meaning to. 8 RR, Littlebrave
November 11, 2009 Voluntary Statement, State's Exhibit 1.

(1) his statement to Waxahachie police detective Woodruff was involuntary because he was incompetent such that the trial court erred in denying a motion to suppress the statement;

(2) the evidence was insufficient to support his conviction;

(3) his burglary conviction was in violation of his right to not be subjected to double jeopardy; and

(4) the trial court erred in convicting and sentencing him without conducting a mental competency examination.

(doc. 1 at 6-7.)

## II.  LACK OF EXHAUSTION/ PROCEDURAL BAR

Respondent argues that Petitioner has failed to exhaust his fourth ground for relief, i.e., that the trial court erred by not giving him a mental competency evaluation. (doc. 21 at 6-7, 14.)  He also contends that any attempt to exhaust it would be futile because it is now procedurally barred from review.  (doc. 21 at 14.)

A.      **Exhaustion**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner.  *Satterwhite v. Lynaugh*, 886 F.2d 90, 92–93 (5th Cir.1989).  While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust previously unexhausted claims, see *Rhines v. Weber,* 544 U.S. 269, 275 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated could have been, but were not, raised in a prior state writ. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 4 (Vernon 2005).  Article 11.07, § 4 provides that the state habeas court may not consider the merits

of or grant relief based on a subsequent application unless the application contains sufficient specific facts establishing that: 1) the claims could not have been presented in the previous application because the factual or legal basis for the claim was unavailable at that time; or 2) by a preponderance of the evidence that but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt.

As noted, Petitioner filed an application for writ of habeas corpus under article 11.07 challenging his conviction, but he did not raise a claim challenging a failure by the trial court to conduct a mental examination in that application. *Ex parte Littlebrave*, WR-80,334-01, at 127-28. Petitioner has not alleged, much less shown, that he could not have presented this ground in his application. *Id.* Because he did not present this claim in his state habeas application, and he did not raise it in his appeal to the court of appeals and then in a PDR to the Texas Court of Criminal Appeals, it is unexhausted.

## B.   Procedural Bar

Procedural default at the federal habeas level occurs when a prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). Petitioner already filed a state writ application challenging his conviction, so any attempt to file for another state writ challenging the same would result in a citation for abuse of the state writ by the Texas Court of Criminal Appeals. *See Ex parte Whiteside*, 12 S.W.3d 819, 821-22 (Tex. Crim. App. 2000). It is well-settled that citation for abuse of the writ by the Court of Criminal Appeals constitutes a procedural default that bars federal habeas review of the merits of a habeas petitioner's claims. *Nobles v. Johnson*, 127 F.3d

409, 422 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). The Fifth Circuit has

noted that the Texas Court of Criminal Appeals applies its abuse of the writ rules regularly and

strictly. *Fearance,* 56 F.3d at 642. Petitioner's fourth claim should therefore be dismissed with

prejudice as procedurally barred.

C.      **Merits**

Even if this claim is addressed on the merits, it fails. The record shows that Petitioner did

receive a mental competency evaluation. CR 25-32. He has shown no factual basis for this claim,

and it is also subject to dismissal on this basis.

### III. AEDPA STANDARD

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

with respect to any claim that was adjudicated on the merits in State court proceedings unless the

adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term

of art that refers to whether a court's disposition of the case was substantive, as opposed to proced-

ural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of Petitioner's

state writ without written order constitutes an adjudication on the merits. *See Ex parte Thomas*, 953

S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies

an adjudication on the merits). Section 2254(d) therefore applies.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. VOLUNTARINESS OF STATEMENT

Petitioner alleges in ground one that his written statement was involuntary because he was incompetent.

As noted, Petitioner was found competent to stand trial. CR 25-32. The state appellate court considered Petitioner's challenge to the admission of his statement and denied the claim on the merits. *Littlebrave v. State,* No.11-10-00302-CR, slip op. at 3-4. It found that his competency was irrelevant to the issue of the voluntariness of his written confession:

> Appellant contends that he did not have the capacity to waive rights and that, therefore, he could not give a voluntary statement. The record does not support this assertion. As noted above, Appellant was a high school graduate who answered the questions asked of him in a logical and appropriate fashion. Appellant did not show that he was mentally ill or suffered from any cognitive deficit. Moreover, even if he had made a showing of those conditions, they would not have compelled a finding of an involuntary confession absent a showing of police coercion. *See Colorado v. Connelly*, 479 U.S. 157, 164 (1986) (defendant's mental condition, apart from its relation to official coercion, is not dispositive of an inquiry into constitutional voluntariness); *Walker v. State*, 842 S.W.2d 301, 303 (Tex. App.—Tyler 1992, no pet.). Appellant did not show any police conduct that would or could amount to coercion in his interrogation, and the State carried its burden to show that the statement was voluntary. Appellant's first point of error is overruled.

*Id.* at 4. Petitioner then raised the issue again in his petition for discretionary review. (doc. 17-5, at 8.) The Court of Criminal Appeals refused the PDR. *Littlebrave v. State*, P.D.R. 1407-12.

"The last reasoned opinion" on the matter should be reviewed to determine whether the state courts' denial of a claim was contrary to or an unreasonable application of federal law. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Plaintiff has not overcome the deference required to be given to the resolution of this claim by the state courts under § 2254(d).

## V.  SUFFICIENCY OF THE EVIDENCE

In his second ground for relief, Petitioner contends that the evidence is legally insufficient

to support his conviction.

On federal habeas corpus review, the evidentiary sufficiency of a state court conviction is governed by the legal-sufficiency analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), which reflects the federal constitutional due process standard. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). To be sufficient, "[t]he evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt, so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012). Under *Jackson*, a reviewing court determines "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). The evidence must be viewed "in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the trier of fact which tend to support the verdict." *United States v. Moreno-Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011) (quoting *United States v. Asibor*, 109 F.3d 1023, 1030 (5th Cir. 1997)); *see also Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995) (a federal court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the verdict).

Here, Petitioner raised this issue in the state intermediate appellate court and that court denied this claim on the merits. *Littlebrave v. State,* No.11-10-00302-CR, slip op. at 3-4. The court applied the appropriate standards of review, considered the evidence at length, and found the evidence sufficient to support the convictions, explaining:

> In his second point of error, Appellant contends that the evidence was insufficient
> to support his conviction. Our standard of review in evaluating the sufficiency of the

10

evidence is to determine, after viewing all of the evidence in a light most favorable to the verdict, whether any rational finder of fact could have found the existence of the elements of the offense. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibbs v. State*, 819 S.W.2d 821, 834 (Tex. Crim. App. 1991). Our duty is not to sit as a thirteenth juror re-weighing the evidence or deciding whether we believe the evidence established the elements in question beyond a reasonable doubt. *Gibbs*, 819 S.W.2d at 834; *Blankenship v. State*, 780 S.W.2d 198, 206-07 (Tex. Crim. App. 1988). The sufficiency test must be applied to the application paragraph in a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).When the appellate court is faced with facts that support conflicting inferences, it must presume that the finder of fact resolved the conflict in favor of the verdict, and any inconsistencies must be resolved in favor of the verdict. *Farris v. State*, 819 S.W.2d 490, 495 (Tex. Crim. App. 1990).

Appellant's contention that the evidence is insufficient rests on the idea that the confession is involuntary, and he implicitly argues that the review of the evidence should not include the confession. We have already found that the trial court did not err in finding the confession voluntary.FN3

> FN3 Also, as the State correctly points out, even erroneously admitted evidence is considered in a sufficiency review. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). Thus, we would have considered the confession in our sufficiency analysis even if we had found that the confession had been erroneously admitted.

Appellant was charged with intentionally or knowingly entering the residence of Margo Valdez without her consent and then committing or attempting to commit the offense of indecency with a child. As specified in the jury charge, the elements of indecency with a child that the State had to prove were that Appellant touched the genitals of B.S. with the intent to arouse and gratify his sexual desire. *See* Tex. Penal Code Ann. § 21.11 (West 2011). The State amply proved all of the elements, including the element that he intended to arouse and gratify his sexual desire. While Appellant stated in his confession that his touching of the vagina was accidental, B.S.'s testimony was quite clear that it was an intentional act, given the fact that he pulled down her pants. The jury resolves conflicting evidence, and it is not our province to resolve any conflicting fact. *See Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App. 1981) ("A jury is entitled to accept one version of the facts and reject another or reject any of a witness' testimony."); *see also Nevarez v. State*, 847 S.W.2d 637, 642 (Tex. App.—El Paso 1993, pet ref'd) (appellate court does not resolve any conflict of fact or resolve credibility of witnesses). The jury resolved the conflict in this case in favor of the child's testimony. Appellant's second point of error is overruled.

*Littlebrave v. State*, No. 11-10-00302-CR, slip op. at 4-5.  Petitioner raised this issue in his petition

for discretionary review, and the Court of Criminal Appeals refused the PDR.  *See Littlebrave v. State*, P.D.R. 1407-12; *see* doc. 17-5, at 8.

The jury was the fact-finder, and it was within its sole province to assess the credibility of the witnesses and resolve any conflicts in the evidence.  *See United States v. Green*, 180 F.3d 216, 220 (5th Cir. 1999); *United States v. Monroe,* 178 F.3d 304, 307 (5th Cir. 1999) ("it is the sole province of the jury, and not within the power of this Court, to weigh conflicting evidence and evaluate the credibility of witnesses") (citing *United States v. Ivey*, 949 F.2d 759, 767 (5th Cir. 1991); *United States v. Layne*, 43 F.3d 127, 130 (5th Cir. 1995) ("It is the jury's 'unique role' to judge the credibility and evaluate the demeanor of witnesses and to decide how much weight should be given to their testimony")). A jury is not to be second-guessed by a reviewing court in its choice of which witnesses to believe. *See United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994) (citing *United States v. Jones*, 839 F.2d 1041, 1047 (5th Cir. 1998)).  On federal habeas review of a jury verdict in state court, "[a] federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts." *Marler v. Blackburn*, 777 F.2d 1007, 1012 (5th Cir. 1985).

Moreover, "[t]he habeas corpus statute obliges federal judges to respect credibility determinations made by the trier of fact." *Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir. 1993) (citing *Sumner v. Mata*, 455 U.S. 591, 597 (1982)). Any credibility choices and conflicting inferences are resolved in favor of the jury's verdict and do not render the evidence legally insufficient. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (stating that in a legal sufficiency review, all credibility choices and conflicting inferences are to be resolved in favor of the verdict) (citing *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999)).

Giving due deference to "the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," the evidence presented at Petitioner's trial was enough to support his conviction. *See Jackson*, 443 U.S. at 319. He does not argue, much less establish, that the state appellate court's denial of his insufficiency of the evidence grounds is a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. The intermediate state court of appeals explicitly cited and applied *Jackson v. Virginia* and its progeny. Petitioner is therefore barred from re-litigating the legal insufficiency claim under 28 U.S.C. § 2254(d), and his second ground for relief must be denied.

## VI. DOUBLE JEOPARDY

In his third ground, Petitioner argues that the trial court should have vacated his burglary conviction, rather than his indecency with a child conviction, on double jeopardy grounds.

Petitioner raised his double jeopardy claim in his state writ application, and the Court of Criminal Appeals denied that application without a written order. WR 80,334-01 at cover. The fact that the Court of Criminal Appeals did not make explicit findings on every issue does not mean that it "merely arrived at a legal conclusion" unworthy of the presumption of correctness. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (presumption of correctness applies to both explicit findings of fact and implicit unarticulated findings necessary to support a state court's conclusions of mixed law and fact) (citing *Marshall v. Lonberger*, 459 U.S. 422, 433-34 (1983) (applying presumption of correctness to implicit finding regarding defendant's credibility, where such finding was necessarily part of the court's rejection of the defendant's claim)). The denial of Petitioner's state writ application was an adjudication on the merits. See *Singleton v. Johnson*, 178 F.3d 381, 384

13

(5th Cir. 1999); *see also Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits").

As charged, the burglary offense was a first-degree felony, which resulted in a life sentence. *See* Tex. Penal Code § 30.02 (d). The indecency with a child offense was a second-degree felony, which resulted in a twenty-year sentence. *See* Tex. Penal Code § 21.11 (d). Vacating the lesser offense was proper under state and federal law. *Davis v. Thaler*, 373 Fed. Appx. 446, 450-51 (5th Cir. 2010) ("[T]he remedy in both federal and Texas state courts for a defendant subjected to multiple punishments for the same conduct is to affirm the conviction for the most serious offense and vacate the other included convictions") (footnote and citations omitted).  Petitioner has not shown that the state court's rejection of this claim was an unreasonable application of clearly established federal law, or an unreasonable determination of facts under § 2244(d)(1) and (2) .

## VII.  RECOMMENDATION

The petition for habeas corpus relief under § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED on this 5th day of August, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE